UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                        **DECISION AND ORDER**
                                                                10-CR-265S

LAWRENCE F. BROSE,

                Defendant.

---

## I. INTRODUCTION

Presently before this Court are objections to the Report and Recommendation of June 22, 2011. (Docket No. 56.) Having reviewed the Report and Recommendation *de novo*, after considering the Objections and the parties' submissions, see 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Rule 58.2(a), this Court will set aside the Report and Recommendation as to Part A and accept, over objections, the Report and Recommendation as to Part B. Accordingly, Defendant's motions to dismiss the indictment on the basis of being either defective or duplicitous are denied.

## II. BACKGROUND

This Court assumes the parties' familiarity with the facts and record of proceedings in this case. This case originated with the filing of a one-count indictment on September 14, 2010. (Docket No. 18.) A grand jury charged Defendant with knowingly possessing an IBM 10GB hard drive bearing serial number 42V42GY8845, that contained images of child pornography, as defined in 18 U.S.C. § 2256(8) in violation of 18 U.S.C. §

2252A(a)(5)(B).

On January 14, 2011, Defendant filed an omnibus motion seeking, in part, dismissal of the indictment because of defective grand jury proceedings and duplicity. (Docket No. 36.)[1]  On June 22, 2011 the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, issued a report and recommendation recommending that the indictment be dismissed. (Docket No. 56.)  The Government and Defendant each filed objections. The Government objects to the recommendation in Part A of the Report that the indictment be dismissed for defects in the indictment and grand jury proceedings.   (Docket No. 65.) Defendant objects to the recommendation in part B of the Report, which finds that the indictment is not duplicitous. (Docket No. 66.)

## III.  DISCUSSION

**A.    Defendant's Motion to Dismiss Due to Defective Grand Jury Proceedings**

The Grand Jury Clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.  The purpose of this clause is "to limit [a defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge."  United States v. McCourty, 562 F.3d 458, 469-70 (2d Cir. 2009).

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting

---

[1] Defendant's omnibus motion also sought suppression of evidence and statements, a bill of particulars, further discovery, Brady materials, and various other forms of relief. (Docket Nos. 35, 36.) The parties agreed at oral argument that other aspects of Defendant's omnibus motion would be decided at a later date. (Docket No. 56, 1.)

2

the offense charged." Fed. R. Crim. P. 7(c). An indictment is constitutionally sufficient if it (1) contains the essential elements of the offense charged so as to inform the defendant of the nature and cause of the accusation; (2) contains enough detail to enable the defendant to plead double jeopardy in a future prosecution based on the same set of facts; and (3) prevents prosecution for crimes based on evidence not presented to the grand jury. United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999) (citing United States v. Silverman, 430 F.2s 106, 110, *modified*, 439 F.2d 1198 (2d Cir. 1970)). "We have often stated that 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) (quoting United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975)).

The offense charged here falls under § 2252A(a)(5)(B). That statute makes it a crime to knowingly possess or access with intent to view:

> [A]ny book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2252A(a)(5)(B).

The one-count indictment in this case follows the language of the statute and charges that:

> On or about October 3, 2008, in the Western District of New York, the defendant, Lawrence F. Brose, did knowingly possess material, to wit, an IBM 10GB hard drive bearing serial number 42V42GY8845, that contained images of child pornography, as defined in Title 18, United States Code,

3

> Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and were produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer.

(Docket No. 18.)

Defendant argues this indictment is defective because the grand jury was not presented with the approximately 1300 images depicting children of less than 18 years of age allegedly found on the hard drive that forms the basis of the charge under 18 U.S.C. § 2252A(a)(5)(B). Defendant asserts that the grand jury should have been presented with these images and voted upon whether or not probable cause existed to believe whether each image, individually, constituted child pornography. The Government responds that the indictment is valid on its face and need not identify specific images. The Government further argues that it was sufficient for it to introduce as grand jury exhibits a sampling of the images found on the hard drive.

Dismissal of an indictment because of defects in grand jury proceedings is "the most drastic remedy, and thus is rarely used." United States v. Dyman, 739 F.2d 762, 768 (2d Cir. 1984). Because this Court concludes that Defendant's challenge is premature and seeks a level of scrutiny uncalled for by the Grand Jury Clause, Defendant's motion to dismiss on the ground of defective grand jury proceedings will be denied.

At its core, Defendant raises an evidentiary challenge to the sufficiency of the evidence the Government has presented. Defendant wishes to discover exactly which images the grand jury found probable cause for, as well as the number of jurors that found any given image sufficient for such a determination. This type of challenge has, however, been rejected ever since the Supreme Court's decision in Costello v. United States, 350

U.S. 359, 76 S. Ct. 406, 100 L. Ed. 397 (1956). In that case, the Court found that an indictment's validity did not turn on the sufficiency or competency of the evidence the Government presented to the grand jury. Id. at 363. As the Court explained,

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.

Id. Followed to its logical conclusion, the relief Defendant seeks would result in exactly the kind of preliminary trial Costello wished to avoid. In this case, the grand jury would be required to vote on each of approximately 1300 images, and only those images for which probable cause was found could then be relied upon by the Government at trial. "This is not required by the Fifth Amendment." Id. Nor does this result conform with the views of any other court to have considered this issue.

The Second Circuit addressed the argument voiced here in United States v. Anson, 304 Fed. Appx. 1 (2d Cir. 2008). Anson involved a defendant's appeal from a judgment of conviction for, among other charges, thirty-nine counts in violation of § 2252A(a)(5)(B). Id. at *2. Defendant challenged the sufficiency of the indictment on the ground that it "fail[ed] to describe in detail the images that correspond to each count of the indictment and the dates on which they were received." Id. at *3. The appellate court rejected that challenge because the indictment described the materials, in that case a hard drive and 38 CD-ROMs, that formed the basis of each count. Although Anson was an unpublished summary order, "[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." United States v. Payne, 591 F.3d 46, 58 (2d Cir. 2010). As in Anson, the indictment here clearly describes the material

5

at issue – an IBM 10 GB hard drive bearing serial number 42V42GY8845 – and thus provides Defendant with sufficient notice of the charges and with enough detail to plead double jeopardy in future prosecutions for the same events.  Id.

This Court's conclusion is bolstered by the bevy of decisions outside this circuit that have reached the same conclusion.  In United States v. Schmidt defendant was charged with knowingly possessing a computer disk containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  No. 4:09CR00265 ERW, 2009 WL 2836460, at *1 (E.D. Mo. Aug. 27, 2009).  Defendant challenged the sufficiency of the indictment, arguing that "the Government must prove that an image depicts actual children to sustain a conviction."  Id.  The Court found Defendant's assertion "premature" because it went to "the sufficiency of the *evidence*, not the sufficiency of the *indictment*."  Id. at *2 (emphasis in original).  Accordingly, the court dismissed the defendant's challenge and found the indictment valid.  Id.

Similarly, in United States v. McClay, defendants were also charged with violations of § 2252A(a)(5)(B).  Their "defense theory [was that] defendants have a Fifth Amendment right to have all of the images upon which the Government intends to rely for its prosecution considered by the grand jury."  No. CR. 4-15-B-W, 2005 WL 757613, at *1 (D. Me. Mar. 28, 2005).  This theory mirrors the argument raised here, and was rightly rejected in McClay because "the grand jury's decision regarding an indictment is not subject to review for evidentiary sufficiency and thus a 'reviewing' court has no reason to consider the quality of the evidence which supports the indictment."  Id. at *2.

Along similar lines, in Burda v. Sexton, petitioner, seeking a writ of *habeas corpus* under 28 U.S.C. § 2254, challenged a state appellate court's decision not to quash his

6

indictment based on a material variance between the proof presented to the grand jury and that presented at trial. No. 3:10-cv-00985, 2011 WL 861396, at *15 (M.D. Tenn. Mar. 9, 2011). Defendant argued that his constitutional grand jury right would be violated where the prosecutor did not know which of 100 photographs formed the basis of an indictment, and simply chose twenty-three of them to correspond to the twenty-three counts on which the grand jury indicted the defendant. Id. The court found that petitioner had not demonstrated that he was surprised or misled by the charges against him, or that his substantial rights were otherwise affected. Consequently, the court found the state court's decision "was not contrary to or an unreasonable application of federal law," and quoted in the Supreme Court's decision in Costello. Id. at *17.

Finally United States v. Cameron concerned a defendant charged with multiple counts of possession, transportation, and receipt of child pornography. 662 F. Supp. 2d 177, 179 (D. Me. 2009). Defendant argued that "because the indictment does not identify the images that the grand jury found probable cause to believe were child pornography, he ha[d] not been placed on notice as to the specific images against which he must defend." Id. at 180. The Court rejected that argument, observing that "[a]lthough the Government has not identified a specific image with each count, such specificity is not an element of the offense and neither the statute under which [defendant] has been charged nor the Rule requires its inclusion." Id.

These cases demonstrate that challenges of the type raised by Defendant that a grand jury must vote on whether every allegedly pornographic image is supported by probable cause, are evidentiary and do not serve as a grounds for dismissing the indictment. Defendant's arguments to the contrary are unavailing.

Defendant relies on Walsh for the proposition that the specificity requirement for

7

indictments "serves the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury." 194 F.3d at 44 (quoting Silverman, 430 F.2d at 110). But Walsh also observed that "[t]he Indictment Clause of the Fifth Amendment 'requires that an indictment contain *some* amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.'" 194 F.3d at 44 (quoting United States v. Abrams, 539 F. Supp. 378, 384 (S.D.N.Y. 1982)) (emphasis added). Here, Defendant is charged with possessing material containing pornographic images of children. The material specified in the indictment is Defendant's hard drive. The Government neither seeks nor would be permitted to trespass beyond that virtual container. Contrary to Defendant's assertions, the Government will not be allowed to "roam at large" in what it presents at trial, but will be properly constrained by the contents of the hard drive.

Similarly, Defendant's recourse to Russell v. United States, 369 U.S. 749 (1962) does not alter the outcome in this case. In Russell defendant was prosecuted for failing to answer questions by a congressional subcommittee. Id. at 751-52. Russell noted that "the very core of criminality" under the statutes in question was "pertinency to the subject under inquiry of the questions which the defendant refused to answer" and dismissed the indictment for failing to identify the topic of discussion. Id. at 764. But, unlike that case, here the prosecution does not have a "free hand on appeal to fill in the gaps of proof by surmise or conjecture" nor is Defendant required "to go to trial with the chief issue undefined." Id. at 767. Rather, Defendant is aware that the Government's charges are based solely on the contents of the hard drive.

For the same reason, Defendant's purported "nightmare scenarios" in which the grand jury considers an image the Government ultimately does not use at trial, but then

8

later uses as the basis of a new prosecution remains a dream and not a reality. The Government agrees that "after trial in this case, the government cannot prosecute the defendant again for possessing the same IBM hard drive based on *any* of the 1300 images contained on that hard drive regardless of what images were presented to the grand jury or to the trial jury." (Docket No. 77, 7) (emphasis in original). There is, therefore, no risk that Defendant will be re-prosecuted for violation of § 2252A(a)(5)(B) based on the facts of this offense.

Accordingly, Defendant's Motion to Dismiss the Indictment because of Defective Grand Jury Proceedings (Docket No. 36) will be denied.

**B.    Defendant's Motion to Dismiss Due to a Duplicitous Indictment**

An indictment is duplicitous if it "join[ed] two or more distinct crimes in a single count." Anson, 304 Fed. Appx. at *3 (quoting United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992)). The policy considerations underlying prohibitions on duplicitous indictments include:

> "[A]voiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution."

Aracri, 968 F.2d at 1518 (quoting United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981); see also United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002) ("The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense" (internal quotation marks omitted)). A court may consider the record as a whole to determine whether an indictment

is duplicitous.  Walsh, 194 F.3d at 46.

Defendant argues that each of the approximately 1300 images on the hard drive could be charged as separate violations under § 2252A(a)(5)(B).  As a result, a general guilty verdict could conceal a finding of guilty as to one crime, but not another.  This, Defendant contends, inhibits his ability to protect himself against double jeopardy in subsequent prosecutions.  Defendant further argues that jurors may not be unanimous as to any one image and that, where the number of images is so great, he cannot be put on adequate notice of the charges against him.  Finally, Defendant argues that the large number of images included in the single count do not provide an adequate basis for eventual sentencing because of uncertainty regarding the jury's verdict as to each image.

Having reviewed Judge McCarthy's Report and Recommendation, this Court concurs with the findings and recommendations contained therein. The Court further notes that the Second Circuit's decision in Anson is, again, instructive.  Defendant in Anson argued that the charges against him were multiplicitous and duplicitous.  As to the multiplicity argument, the court looked to the "separate 'units' of prosecution," to find that 39 counts alleging violations of § 2252A(a)(5)(B) were not multiplicitous because a hard drive and thirty-eight CD-ROMs each counted as separate units of prosecution that could be separately charged.  Anson, 304 Fed. Appx. at *3-4.  The court rejected defendant's duplicity argument "[f]or the reasons set forth in the preceding paragraph [discussing defendant's multiplicity argument]."  Applying that reasoning here, it is clear that the indictment charging Defendant with possessing a hard drive containing child pornography is a single "unit" of prosecution.  Accordingly, the Government was free to charge Defendant in a single count.

This Court further notes that Defendant's concerns that a trial jury might find him

10

guilty as to some images, but not others, have been previously considered, and dismissed, in the Ninth Circuit's decision in <u>United States v. Nelson</u>, 38 Fed. Appx. 386 (9th Cir. 2002). In that case, defendants were convicted, following jury trial, of receiving and possessing child pornography. <u>Id.</u> at 388. Defendants argued that the district court had erred by not using special verdict forms on which jurors would identify which images they found constituted child pornography. <u>Id.</u> at 389. Much like Defendant does here, defendants in <u>Nelson</u> argued that "without a special verdict, there was no away to determine what image or images the jury relied on in reaching its verdict." <u>Id.</u> at 389. The appellate court rejected that argument describing it as "fundamentally unsound, for jurors are not normally required to say what evidence they credited to reach a verdict." <u>Id.</u> Although at trial 14,000 pornographic thumbnail pictures were presented to the jury, the court noted that only one image was necessary to support the verdict and concluded that the trial court had not abused its discretion in declining to use special verdict forms. <u>Id.</u> at 389-90. The appellate court similarly rejected a sentencing challenge because the district court had reviewed the images and made an independent finding that at least one of the images pictured a child under twelve or prepubescent. As in <u>Nelson</u>, here only a single image is needed to convict Defendant under § 2252A(a)(5)(B). This Court is unpersuaded that the indictment will cause uncertainty in a jury's verdict or create problems at sentencing.

      Accordingly, Defendant's Motion to Dismiss the indictment for being duplicitous is denied. The Report will be accepted over Defendant's objection.

. . .

On the basis of the foregoing,

      IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 56)

is ACCEPTED in part and SET ASIDE in part.

FURTHER, that the Government's Objections (Docket No. 65) are ACCEPTED.

FURTHER, that Defendant's Objections (Docket No. 66) are DENIED.

FURTHER, that Defendant's Motion to Dismiss Due to Defective Grand Jury Proceedings (Docket No. 36) is DENIED.

FURTHER, that Defendant's Motion to Dismiss Because the Indictment is Duplicitous (Docket No. 36) is DENIED.

SO ORDERED.

Dated:   December 9, 2011
         Buffalo, New York

                                                      /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                          Chief Judge
                                           United States District Court